I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 10-2-14

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS SMITH,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>M.E. SPEARMAN,<br><br>　　　　Respondent. | Case No. EDCV 14-1074-GW (RNB)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

　　　Petitioner is a California prisoner, currently serving a 28-years-to-life sentence based on a conviction sustained in Riverside County Superior Court Case No. BLF001710 for attempted murder, kidnapping, assault, residential burglary, and corporal injury to a spouse. On February 28, 2008, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody directed to that conviction in Case No. EDCV 08-264-GW (RNB) [the "Prior Action"]. On January 29, 2010, Judgment was entered by this Court in the Prior Action denying the Petition and dismissing the action with prejudice. Concurrently, the Court issued an Order denying a Certificate of Appealability. Although petitioner filed a timely Notice of Appeal, the Ninth Circuit subsequently denied petitioner's request for a Certificate of Appealability.

　　　Petitioner has now purported to file another Petition for Writ of Habeas Corpus by a Person in State Custody that also purports to be directed to his conviction in

Riverside County Superior Court Case No. BLF001710. As best the Court can glean from the Petition, petitioner is claiming that he received ineffective assistance of counsel in connection with a guilty plea that petitioner originally had entered to the charges against him. However, the Court knows from the Prior Action that petitioner successfully appealed from the judgment of conviction stemming from his guilty plea and that the matter was remanded to the trial court to allow petitioner to withdraw his guilty plea. See also People v. Smith, 2003 WL 21588040 (Cal. App. July 11, 2003). Petitioner did so, and opted to go to trial with a jury. His current custodial status stems from the outcome of that jury trial.

Accordingly, to the extent that petitioner is challenging the original judgment of conviction stemming from his guilty plea that was reversed on appeal, the Court lacks subject matter jurisdiction to entertain the Petition because petitioner is not "in custody" pursuant to that reversed judgment of conviction. See Maleng v. Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968); see also Cole v. Cate, 2010 WL 514863, at *24 (S.D. Cal. Oct. 21, 2010), Report and Recommendation Adopted by 2010 WL 5148440 (S.D. Cal. Dec. 14, 2010) ("[B]ecause the state court reversed the convictions Cole seeks to challenge here, albeit on grounds other than sufficiency of the evidence, he cannot challenge the state court's determination that there was sufficient evidence to show he was a broker dealer because he does not satisfy the 'in custody' requirement as to those counts.").

To the extent that the Petition constitutes a challenge to the judgment of conviction resulting in his current custodial status, the Court's consideration of it is governed by 28 U.S.C. § 2244(b), which provides in pertinent part:

"(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus

application under section 2254 that was not presented in a prior application shall be dismissed unless–

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Since the ineffective assistance of counsel claim now being alleged by petitioner qualifies as a new claim that was not presented in the Prior Action, it was incumbent on petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

//
//
//

IT THEREFORE IS ORDERED that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts for lack of subject matter jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: Sept. 26, 2014

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Robert N. Block
United States Magistrate Judge